Filed 5/17/16  P. v. Dean CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B263505 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA073219) |
| v. | |
| DANIEL CARL DEAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Valerie Salkin, Judge.  Affirmed.

Doris M. LeRoy, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Daniel Dean appeals from a judgment revoking his probation and imposing a previously suspended four-year sentence, resulting from an earlier plea to felony assault. We affirm.

## BACKGROUND

In April 2012, a felony complaint alleged that Dean committed second degree robbery (Pen Code, § 211)[1] and assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)). On September 24, 2012, he pleaded no contest to felony assault, and, on December 4, 2012, sentence was suspended and he was placed on three years' formal probation on the condition he serve 222 days in jail. In lieu of additional jail time, he was ordered to complete 30 days of Caltrans or community labor.

Dean violated probation and, at his June 12, 2014 probation violation hearing, the trial court gave him a choice: two years in prison or, if he waived back time (i.e., presentence custody credits), remain on probation and receive a four-year suspended sentence. After Dean conferred with his counsel, Dean elected to remain on probation. He was accordingly sentenced, on August 4, 2014, to the high term of four years for assault with a waiver of back time, which sentence was suspended.

Dean, in January 2015, was living in a vacant apartment without the owner's permission, for which he was charged with trespass. At the probation violation hearing, a deputy testified that when he arrived, Dean resisted arrest. While being transported to the police station, Dean said he was having a seizure and panic attack. But medical personnel found nothing wrong with Dean. Ruben Vargas, a psychiatric social worker, found Dean to be "somewhat delusional." Vargas suggested a more thorough psychiatric evaluation and, possibly, antipsychotic medication. Dean's mental issues, however, stemmed also from drug abuse.

The trial court found that Dean violated probation by failing to complete community labor and by trespassing. After finding Dean ineligible for sentencing under Proposition 47 and declining to place Dean in a program to address his alleged mental

---

[1] All further undesignated statutory references are to the Penal Code.

2

illness, the court, on March 6, 2015, sentenced him to four years in prison. He had 88 days of presentence custody credits (44 actual plus 44 good time/work time).

## DISCUSSION

After review of the record, Dean's court-appointed counsel filed an opening brief which raised no issues and asked this court to conduct an independent review of the record, under *People v. Wende* (1979) 25 Cal.3d 436, 441. By letter dated December 24, 2015, we advised Dean that he had 30 days to submit by brief or letter any contentions or argument he wished this court to consider. Dean submitted two letter briefs raising several contentions.

First, Dean asks the court to "take into consideration my mental illness and problems." The trial court, however, disagreed that Dean has a mental illness and the record, namely, Vargas's testimony, supports that finding.

Second, Dean contends his counsel "poorly advised" him, because he didn't understand the terms related to a suspended sentence, namely waiving presentence custody credits. To the extent Dean intends by this to raise an ineffective assistance of the record claim, we reject it. (See generally *Strickland v. Washington* (1984) 466 U.S. 668, 684; *People v. Scott* (1997) 15 Cal.4th 1188, 1211-1212.) The trial court repeatedly told Dean at the June 12, 2014 probation violation hearing that the only way it would reinstate probation was if Dean waived back time. Dean also conferred with his counsel before agreeing to have probation reinstated.

Finally, to the extent Dean contends his felony assault conviction should have been reduced to misdemeanor battery under Proposition 47, he did not fall within the ambit of that law. (See generally § 1170.18.) To the extent Dean asks this court to consider in the first instance a petition for redesignation of his assault to misdemeanor battery under Proposition 47, such a petition must be filed in the trial court that entered the judgment of conviction. (§ 1170.18, subd. (a).)

We have examined the record and are satisfied Dean's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende, supra,* 25 Cal.3d at p. 441.)

3

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ALDRICH, Acting P. J.


We concur:



LAVIN, J.




HOGUE, J.*

---

*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4